## BENITO MARTINEZ, Appellant, v. EDUARDO MARTINEZ, Appellee.

*January, 1883.*

PRACTICE.    (1) *Affidavit in replevin amendable on appeal to dis-
                  trict court.*
REPLEVIN.    (2) *Nature of the action.*

1.   In replevin before a justice of the peace, the affidavit filed was insuffi-
     cient in that it did not state that the person who made the affidavit
     was the agent or attorney of the plaintiff, and it did not state that
     plaintiff had a right to the possession of the property sought to be
     replevied.     Trial was had and a verdict and judgment rendered for
     the plaintiff.    The defendant appealed to the district court.    Then
     the plaintiff moved in that court to amend the affidavit, but the dis-
     trict court overruled the motion, quashed the writ, and restored the
     property replevied to the defendant.    *Held*, that the district court
     should have allowed the amendment, and that its refusal to do so was
     error.
2.   The action of replevin is not an extraordinary remedy in derogation
     of the common law like the proceeding by attachment.    On principle
     the owner of personal property ought to have the same right to re-
     cover the possession of it in specie when wrongfully detained, as he
     has to recover a debt, and in either proceeding the law should be
     equally liberal in allowing amendments in furtherance of justice.

Appealed from the District Court of San Miguel county.

This was an action of replevin commenced in the justice
court and on judgment being rendered for the plaintiff, an
appeal was taken to the district court.

In the district court the plaintiff asked leave to amend the
affidavit for replevin so as to conform to the exact language
of the statute with reference to the necessary affidavits on
the subject of replevin.    The original affidavit had left out
the words alleging the plaintiff had good right to the pos-
session of the horse in question.    Plaintiff also presented
with his motion his proposed amended affidavit in full.    The
court refused to allow the amendment to be filed.    The de-

fendant then moved the court to quash the writ on account of the defect of the affidavit, which was allowed, and judgment rendered against the plaintiff for a return of the horse and one dollar damages.

*Catron & Thornton*, for appellant :

· The court should have allowed the amendment to be filed : Prince's Stat., sec. 120, p. 109 ; Prince's Stat., secs. 25 and 26, p. 119 ; *Sanches v. Luna*, 1 N. M., 239 ; *Helling v. Wright*, 14 Pa. St., 375 ; *Applewhite v. Allen*, 27 Tenn., 698.

Our statutes are mandatory in terms as to amendments.

*Breeden & Waldo*, for appellee.

BRISTOL, Associate Justice : This is a case of replevin originally brought before a justice of the peace in San Miguel county, in the first judicial district, for the recovery of a horse of the alleged value of thirty dollars.

The affidavit on behalf of plaintiff Benito Martinez, on which the writ of replevin was issued by the justice is as follows :

" TERRITORY OF NEW MEXICO, }
    COUNTY OF SAN MIGUEL. }

" *Honorable Justice of the Peace, Florencio Aragon, Precinct No. 3 of said county :*

" SIR—I, the undersigned, under the most solemn oath, declare and say that in possession of Eduardo Martinez is found a wolf-colored colt of the age of two years past, going on three, of the property of Benito Martinez, of the value of thirty dollars. Said colt has been detained unjustly by the said Eduardo Martinez, and therefore I ask, in virtue of the law, that the said colt be replevied, in conformity with the law, and that the said Eduardo Martinez be summoned before your court to answer to the plaintiff for twenty-five dollars damages, for the unjust taking and detention of said

colt, etc., and I promise to prove all that is put in this declaration, and I swear that I do not proceed with malice, etc.

"JULIAN BACA,
"*Deponent.*

"Witnesses :

   BENITO MARTINEZ,
   JOSÉ ARCHIBEQUE,
   AGAPITO GARCIA,
   MANUEL MARTIN,
   FERNANDO BACA.

" Sworn and subscribed before me, this }
   29th day of November, A. D.,1881. }

"FLORENCIO ARAGON,
" *Justice of the Peace.*"

On this affidavit the justice issued a writ of replevin. The colt in question was taken thereon ; a trial was had, both parties appearing. The jury rendered a verdict that the colt was the property of the plaintiff, and that the plaintiff recover twenty-five dollars damages.

No formal judgment was rendered on the verdict by the justice, unless the words of the justice immediately following the verdict in the transcript may be considered a judgment, which words are as follows :

" Approved by me this above day of the said date."

From this disposition of the case by the justice an appeal was taken to the district court of San Miguel county.

In the latter court, the plaintiff and appellee made a motion for leave to amend the affidavit on which the writ of replevin was issued, so as to show that at the time the action commenced the plaintiff had, and still has, good right to the possession of the colt in question, and accompanied the motion with the proposed amended affidavit to that effect, in words as follows :

Martinez v. Martinez.

BENITO MARTINEZ ⎫
vs. ⎬ ss.
EDUARDO MARTINEZ. ⎭

"In replevin appealed from before Florencio Aragon, justice of the peace for precinct No. 3, in the county of San Miguel.

"By leave of the court first had.

"Julian Baca, being duly sworn, says he is the agent of Benito Martinez, the plaintiff in the above entitled suit; that said plaintiff has, and at the time of suing out the writ in above entitled cause had, good right to the possession of the following described chattel, and that the same was at the time of suing out, and the service of said writ in the above entitled cause wrongfully detained by the said defendant, Eduardo Martinez, to wit: one dun or clay-bank horse, of the age of two years, going on three, of the value of thirty dollars, at, to wit, the precinct aforesaid.

"Plaintiff therefore brings suit, and asks the judgment of this court for the possession of said horse, together with twenty-five dollars damages for the wrongful detention thereof, together with his costs."

"JULIAN BACA,
"Agent of Benito Martinez, Plaintiff.

"Subscribed and sworn to before ⎫
me, this March 9th, 1882. ⎭

"F. W. CLANCY,
"Clerk."

This motion was overruled by the court below, and the plaintiff excepted.

The defendant thereupon moved the court to quash the writ on the ground, among others, that the affidavit or verified complaint filed with justice for the purpose of obtaining the writ, did not allege that the plaintiff had a right to the possession of the colt in question. This motion was sustained by the court and the plaintiff excepted.

Final judgment was then rendered by the court below for the return of the colt by the plaintiff to the defendant ; that he pay the defendant one dollar as damages and his costs.

From this judgment the plaintiff appeals to this court.

The record presents a single question for our consideration, and that is, whether the court below erred in refusing leave to the plaintiff to amend his affidavit in replevin.

To justify the issuing of a writ of replevin by a justice of the peace, the statute requires that " the plaintiff, his agent or attorney, shall file an affidavit with the justice, stating that the goods and chattels are wrongfully detained by the defendant, and stating the value thereof, and that he has a right to the possession thereof, and that every writ of replevin issued without such affidavit, shall be quashed at the cost of the plaintiff."

The affidavit that was filed with the justice, and on which the writ was issued, and the colt replevied was clearly insufficient in two particulars : one was, that it did not appear that Julian Baca, who made the affidavit, was either the agent or attorney of Benito Martinez, the plaintiff ; and the other was, that it did not state that the plaintiff had a right to the possession of the colt.

Unless the affidavit was amendable, and the plaintiff offered to amend, it follows that it was incumbent on the court below to quash the writ, and render the proper judgment.

Was the affidavit amendable ? In 1876 the legislature passed an act, entitled an act to define the qualifications, powers and jurisdiction of justices of the peace, and regulating the practice in their courts.

This act contains 125 sections. Sections 48 to 55, both inclusive, relate to actions of replevin. Section 120 provides as follows : " All causes removed into the district court in pursuance of the foregoing sections, shall be tried *de novo*, and the court shall allow all amendments which may be

necessary in furtherance of justice in all cases appealed by petition, *certiorari*, or in the ordinary mode."

That this section covers the action of replevin, as well as every other action that may be brought before a justice of the peace, there can be no doubt.

The action of replevin is not an extraordinary remedy in derogation of the common law, like the proceeding by attachment. On principle, the owner of personal property ought to have the same right to recover the possession of it in specie when wrongfully detained, as he has to recover a debt, and in either proceeding the law should be equally liberal in allowing amendments in furtherance of justice.

The fact that the statute expressly provides that if the writ be issued without the required affidavit, it shall be quashed, adds nothing to the mandatory character of the statute, for that result would uniformly follow, without any such possession.

The provisions of the statute in regard to actions of replevin before justices of the peace, and in regard to amendments on appeals from their courts, in all cases being parts of the same act, must be construed together, and harmonized, if possible.

This is not difficult. If the plaintiff inadvertently has made an insufficient affidavit for a writ of replevin, and takes no steps to rectify it, but rests his case thereon, the writ will be quashed, as a matter of course. But after discovering its insufficiency, if he applies at the proper time for leave to amend, there can be no objection to its allowance, if justice will be promoted thereby.

It is quite evident from the record that the court below refused the amendment on the ground that it had no discretion to allow it under the statute. This was error. The refusal of the court to allow the affidavit to be amended was virtually a final disposition of the case in favor of the defendant, without a trial on the merits.

There can be no doubt from the facts appearing on the record, that granting leave to the plaintiff to amend his affidavit, would have been in furtherance of justice, and that refusing it was an abuse of discretion of the court below.

Judgment reversed, and cause remanded with instructions to grant leave to the plaintiff to amend his affidavit, and thereupon to further proceed according to law.

All the justices concur.